**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____  :
                                          :
QVC, INC.,                                :
1200 Wilson Drive                         :
West Chester, PA 19380                    :
                        Plaintiff,        :
            v.                            :        CIVIL ACTION NO.
                                          :        _____
NET TALK.COM, INC.                        :
1080 NW 163rd Drive                       :
Miami Gardens, FL 33169                   :
                                          :
                        Defendant.        :
_____

<u>**COMPLAINT – CIVIL ACTION**</u>

Plaintiff, QVC, Inc., by and through its undersigned counsel, hereby complains of defendant, Net Talk.com, Inc., as follows:

<u>**PARTIES**</u>

1.      Plaintiff, QVC, Inc. ("Plaintiff" or "Buyer"), is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380-4262.

2.      Defendant, Net Talk.com, Inc. ("Defendant" or "Vendor"), is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located at 1080 NW 163rd Drive, Miami Gardens, Florida 33169.

3.      At all times material hereto, Defendant engaged in business in this judicial district by and through its agents, employees, servants and representatives, actual or apparent, any and all of whom were acting, or purporting to act, within the course and scope of their authority, agency duties and/or employment.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the matter is between citizens of different States.

5.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or that the parties contractually agreed to the selection of this judicial district as the appropriate venue for the within civil action.

## SUBSTANTIVE ALLEGATIONS

6.      Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through various means and media, including, among other things, its merchandise-focused, direct response television programming and the internet.

7.      At all times material hereto, Defendant is, or was, in the business of manufacturing and/or promoting, marketing, distributing and selling various consumer products, including, but not limited to, electronic products.

### The Purchase Order

8.      On or about October 20, 2011, Plaintiff issued purchase order no. 719085 ("PO 719085" or the "Purchase Order") to Defendant for the purchase and delivery, pursuant to the terms and conditions set forth therein, of no less than 2,860 units of merchandise described therein as the "netTalk DUO Device w/ VoIP Telephone Service" and further identified as QVC Item No. E168253 (the "E168253 Merchandise" or the "Merchandise").

9.      Defendant accepted the Purchase Order without modification of its terms and conditions by, among other things, the subsequent delivery to Plaintiff of some or all of the Merchandise under the Purchase Order.

10.     Plaintiff has satisfied all of its obligations under the Purchase Order.

11.     Section 4 of the Purchase Order provides, in relevant part, as follows with respect to Defendant's contractual indemnification obligations to Plaintiff:

> **4.  [Defendant] hereby agrees to protect, defend, hold harmless and indemnify [Plaintiff] . . . from and against any and all claims, actions, suits, costs, liabilities, damages, and expenses (including, but not limited to all direct, special, incidental, exemplary, and consequential damages and losses of any kind [including, without limitation, present and prospective lost profits and lost business] and reasonable attorneys' fees) based on or resulting from . . . any alleged or actual defect in any of the Merchandise . . . [and] breach by vendor of any representations, warranties, or covenants.**

12.     Section 8 of the terms and conditions of the Purchase Order, in relevant part, provides as follows with respect to Plaintiff's rights to return Merchandise to Defendant, for credit or refund (at Plaintiff's option) that was acquired by Plaintiff pursuant to the Purchase Order, but not sold by Plaintiff in the ordinary course of its business:

> **8.  In addition to its right to return Merchandise as provided elsewhere in this Order, [Plaintiff] may return to [Defendant], for credit or cash, at [Plaintiff's] option, all or any portion of the following: (a) with respect to 'sale or return' transactions only, any Merchandise which is not sold by [Plaintiff] up to the percentage indicated in the 'Sale or Return' designation on the face hereof (based on the aggregate amount of this Order) within sixty (60) days after remittance of the Subsequent Payment or, if no Subsequent Payment, within one hundred and eighty (180) days after remittance of [Plaintiff]'s Initial Payment to [Defendant] . . . [Plaintiff] is not obligated to pay for any Merchandise returned to [Defendant] and is therefore entitled to an immediate and full refund of any and all monies previously paid to [Defendant] on account of such returned Merchandise. [Plaintiff] is not obligated to pay for any Merchandise returned to [Defendant] and is therefore entitled to an immediate and full**

> **refund of any and all monies previously paid to [Defendant] on account of such returned Merchandise. If [Defendant] fails or refuses to accept any returned Merchandise and/or to remit such refund to [Plaintiff] in a timely manner and in accordance with the terms of this Order, [Plaintiff] may debit such amount against [Defendant's] account and/or take such other action as it may deem necessary or desirable to recover the monies owed by [Defendant].  [Plaintiff] may also, at its option and in its sole discretion, dispose of such Merchandise at any time and in any manner whatsoever and deduct from the proceeds thereof any and all losses, damages, claims, cost and expenses suffered or incurred by [Plaintiff] in connection with such Merchandise. The rights of [Plaintiff] set forth in this Section are in addition to, and not in lieu of, any and all other rights and remedies available to [Plaintiff] pursuant to this Order, applicable law or in equity.**

13.     On its face, the Purchase Order states: 100%.

14.     The terms and conditions of the Purchase Order, including, but not limited to, Section 8 thereof, grants to Plaintiff the right to return to Defendant, for full credit or refund (at Plaintiff's option), up to one-hundred percent (100%) of the Merchandise acquired pursuant to the Purchase Order but not sold by Plaintiff in the ordinary course of its business.

15.     Section 16 of the Purchase Order provides as follows with respect to governing law and choice of forum for all matters arising under the Purchase Order:

> **16.  This Order shall be governed by the laws of the Commonwealth of Pennsylvania applicable to contracts to be performed wholly therein, regardless of place of acceptance. [Defendant] and [Plaintiff] expressly exclude the application of the United Nations Convention on Contracts for the International Sale of Goods, if applicable. [Defendant] hereby consents to the exclusive jurisdiction of the state courts of the Commonwealth of Pennsylvania for the County of Chester and the federal courts for the Eastern District of Pennsylvania in all matters arising hereunder.**

<u>The Sale or Return Merchandise</u>

16.    In accordance with the applicable terms of the Purchase Order, on or about July 24, 2012, Plaintiff timely exercised its rights to return to Defendant no less than 2,710 units of the Merchandise acquired pursuant to the Purchase Order, but not sold by Plaintiff in the ordinary course of its business, for full refund, in the aggregate amount of no less than $95,798.50 (the "Sale or Return Merchandise").

17.    On or about July 24, 2012, Plaintiff shipped the Sale or Return Merchandise to Defendant pursuant to ship order number VD622319SB (the "Sale or Return Ship Order").

18.    Defendant and/or its designee accepted return and delivery of the Sale or Return Merchandise.

19.    Despite repeated demands, and in violation of the terms and conditions of the Purchase Order, Defendant failed or refused to provide the cash refund due and owing to Plaintiff in the aggregate amount of no less than $95,798.50 on account of the Sale or Return Merchandise.

20.    Plaintiff is entitled to a cash refund in the amount of no less than $95,798.50, on account of Plaintiff's sale or return rights with respect to the Sale or Return Merchandise, all as described above, which, notwithstanding repeated demands, Defendant failed or refused to remit to Plaintiff.

## **COUNT I**

21.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 inclusive as if fully set forth at length herein.

22.    Defendant's actions and omissions, as described above, constitute breaches of Defendant's covenants under the Purchase Order and governing law.

23.    Plaintiff sustained, and continues to sustain, damages as a result of Defendant's breaches of the terms and conditions of the Purchase Order.

24.     Pursuant to the terms of the Purchase Order and applicable law, there is due and owing by Defendant to Plaintiff, after application of any and all potential credits and deductions to which Defendant may be entitled, the aggregate sum of no less than $95,798.50, representing the refund due to Plaintiff for the Sale or Return Merchandise.

25.     Despite demands, the aforesaid amounts remain due and owing to Plaintiff.

26.     Defendant's failure or refusal to remit the aforesaid amount due and owing to Plaintiff, as described above, was, and is, in violation of the contractual terms, covenants and conditions of the applicable Purchase Order and governing law.

27.     Plaintiff is entitled to damages of no less than $95,798.50, representing the refund due to Plaintiff for the Sale or Return Merchandise, in addition to reimbursement of Plaintiff's incurred costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of Defendant's breaches of the Purchase Order, all as described above; and such prejudgment interest as allowed by law.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Net Talk.com, Inc., awarding damages to plaintiff in the amount of (a) no less than $95,798.50, representing the refund due to Plaintiff for the Sale or Return Merchandise; (b) plaintiff's costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of the breaches of the terms of the applicable Purchase Order by Defendant; (c) such prejudgment interest as allowed by law; and (d) all such other relief as the Court may deem appropriate and proper.

## **COUNT II**

28.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 and paragraphs 12 through 20, inclusive, as if set forth fully at length herein

29.    Defendant's refusal to refund the amount of no less than $95,798.50, representing the cash refund due and owing to Plaintiff on account of the Sale or Return Merchandise, all as more fully described herein, constitutes a failure to give Plaintiff proper restitution for property and/or benefits received by Defendant and, accordingly, Defendant has been unjustly enriched at the expense of Plaintiff.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Net Talk.com, Inc., (a) awarding restitution to plaintiff, QVC, Inc., in the amount of no less than $95,798.50; (b) awarding costs and such interest as allowed by law; and (c) granting all such other relief as the Court may deem appropriate and proper.

**SAUL EWING LLP**
A Delaware Limited Liability Partnership

By: _____

Nathaniel Metz. Esquire (*nmetz@saul.com*)
Amy S. Kline, Esquire (*akline@saul.com*)
Shanna P. O'Neal, Esquire (*soneal@saul.com*)
Signature Validation: SO1073
(610) 251-5050
(610) 251-1406 (FAX)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  19087-5569

*Attorneys for Plaintiff QVC, Inc.*

Dated: July 23, 2014